UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
**FILED**
DEC - 4 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

BRIAN ALDRICH DUPREE,             )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   Civil Action No. 13-1926
                                  )
ATTORNEY GENERAL, *et al.*,       )
                                  )
            Defendants.           )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff's sentence includes an "order to pay $451,735 in restitution." Compl. at 3. It appears that the sentencing court has ordered plaintiff to make restitution payments immediately and in accordance with the Inmate Financial Responsibility Plan ("IFRP"). *See id.*, Ex. (Order, *United States v. Dupree*, No. 10-cr-00094 (N.D. Ga. Oct. 7, 2013)). It further appears that the sentencing order was amended to provide that, if plaintiff "cannot pay the restitution in full immediately, he shall begin making payments amounting to 30% of any wages he may earn in prison," and that he "must begin making these payments immediately, once per month." *Id.*, Ex. (Order at 4, *United States v. Dupree*, No. 10-cr-00094 (N.D. Ga. June 24, 2013)). Plaintiff alleges that Federal Bureau of Prisons ("BOP") staff "cunningly coerced [him] into executing a contract to participate in the FBOP's [IFRP]," *id.*, even though the applicable regulation, *see* 28

1

C.F.R. § 545.11, violates the separation of powers doctrine. Compl. at 6. He demands a court order striking down any provisions of the IFRP authorizing staff "to make, set or contract any payment amount or schedule, with regards to restitution, unless ordered expressly and specifically by the courts or initiated by the sentenced inmate . . . ." *Id.* at 10.

[S]trictly speaking, participation in the [IFRP] is voluntary." *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010); *see United States v. Godoy*, 706 F.3d 493, 499 (D.C. Cir. 2013). Insofar as the IFRP merely executes the sentencing court's order, however, such "collection activities, and establishing and modifying a payment schedule for criminal monetary penalties, are not essential attributes of the judicial power that may be exercised only by the district court." *Mujahid v. Crabtree*, 999 F. Supp. 1398, 1403 (D. Or. 1998) (internal quotation marks omitted), *aff'd*, 172 F.3d 57 (9th Cir. 1999). The regulation governing the IFRP, then, does not unlawfully delegate judicial power to the BOP. *See United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (holding that BOP's operation of IFRP "does not constitute an unlawful delegation of authority to schedule restitution repayments in violation of the [Mandatory Victims Restitution Act]"); *Bloch v. Lake,* 183 F. App'x 471, 471 (5th Cir. 2006) (per curiam) ("Because the sentencing court set the amount of restitution and ordered that the restitution was due immediately, there was no unconstitutional delegation of judicial authority."); *Weinberger v. United States*, 288 F.3d 346, 361 (6th Cir. 2001) (rejecting prisoner's argument that district court improperly delegated authority for payment of restitution where "court ordered that [he] pay restitution through the terms and conditions of the IFRP"). Nor does the IFRP impermissibly establish consequences for an inmate's refusal to participate. *See Lemoine*, 546 F.3d at 1046 (rejecting prisoner's "argument that his participation in the IFRP was involuntary because he would have been denied certain privileges if he had refused to join the program"); *Boyd*, 608

2

F.3d at 335 (noting that "a prisoner may choose instead to bear the consequences of not participating"); *Young v. Augustine*, No. 5:11cv396, 2012 WL 6955480, at *3 (N.D. Fla. Dec. 12, 2012) (concluding that "the consequences for declining to participate in the IFRP do not constitute such an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' that they invoke Petitioner's liberty interest"), *adopted*, 2013 WL 336733 (N.D. Fla. Jan. 29, 2013); *United States v. Windrix*, No. 02-CR-0120, 2012 WL 1345491, at *2 (N.D. Okla. Apr. 18, 2012) ("The fact that an inmate will suffer consequences for failure to participate in the IFRP does not render the program involuntary and/or unconstitutional . . . ."); *Whitmore v. Ives*, No. 09-1526, 2011 WL 6032395, at *7 (E.D. Cal. Dec. 5, 2011) (denying habeas relief to petitioner claiming "that his participation in the IFRP was coerced because he would be rendered ineligible for certain privileges in prison if he declined to participate").[1]

Accordingly, the Court will dismiss the complaint. An Order is issued separately.

/s/ *signature*
United States District Judge

DATE: Nov. 27, 2013

---

[1] Insofar as plaintiff challenges the restitution provisions of the Judgment and Commitment Order pursuant to which he is incarcerated, this matter properly is addressed to the sentencing court.