**FILED**

JUL 2 4 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Brian Aldrich Dupree, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:13-cv-01926 (UNA) |
| | ) | |
| Attorney General, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

This case presents the following question: What does the term "notice" mean under Federal Rule of Appellate Procedure (FRAP) 4(a)(6)(B)? That rule permits losing parties upon "notice" of entry of the judgment or order—if they meet certain conditions—to reopen the time in which to file an appeal. Brian Dupree is a *pro se* plaintiff incarcerated at a federal facility in Miami, Florida. In October 2013, he filed suit against the Attorney General, among others. The court issued a "Dismissal Order" dismissing Dupree's suit in December 2013, but he did not receive notice of it at that time. Only after inquiring about the status of his case did he learn, in January 2014, that the suit had been dismissed the previous month. Having missed the deadline to file his notice of appeal, Dupree moved to reopen the time to file an appeal. After the court denied his motion to reopen as untimely, Plaintiff filed the motion for reconsideration now at issue, asserting that the court misconstrued the "notice" requirement that triggers the 14-day time period to move to reopen under FRAP 4(a)(6)(B). Specifically, Dupree argues that "notice" requires not only actual notice through service under Federal Rule of Civil Procedure 5, but also a record of the service on the docket, which is lacking here.

*24*

The court disagrees with Dupree's interpretation of the relevant rules. The "notice" required under FRAP 4(a)(6)(B) to trigger the 14-day period only requires a party to "receive[ ] notice" through proper service; it does not also include the ministerial act of the clerk recording service on the docket. Having correctly interpreted the rule, the court properly denied Dupree's motion to reopen as untimely. Plaintiff's motion for reconsideration is therefore denied.

## I.   BACKGROUND

Plaintiff brought this suit *pro se* on December 4, 2013, against a variety of parties, including the Attorney General of the United States. *See* Compl., ECF No. 1. By a Dismissal Order signed on November 27, 2013, the court dismissed the Plaintiff's complaint. ECF No. 5. The Dismissal Order was posted to the court's electronic docket on December 4, 2013, but it was not actually "entered" until December 16, 2013. Plaintiff filed a Motion for Reconsideration of the Dismissal Order on February 21, 2014, ECF No. 6, which the court denied by order entered on the docket on March 8, 2014, ECF No. 7.

On March 21, 2014, Plaintiff filed a document bearing his signature and dated March 17, 2014, titled "Notice of Appeal [and] Motion to Reopen Appeal Filing Period Pursuant to FRAP 4(a)(6)" [hereinafter "Motion to Reopen"]. ECF No. 8. Dupree wrote that he "files this notice to appeal this court's order of March 7, 2014 [DOC 7] which this court ordered the denial of Plaintiff's motion for reconsideration." *Id.* at 1. Plaintiff further "move[d] this court to reopen the time to file the notice of appeal in regards to the court's order of Nov. 27, 2014 [DOC 4] dismissing the complaint for failure to state a claim upon which relief can be granted." *Id.* at 2. The clerk of the court, however, entered Plaintiff's Motion to Reopen on the docket only as a "Notice of Appeal" from the March 8, 2014, order denying the Motion for Reconsideration. ECF No. 8.

2

As grounds to reopen the time for appeal, Plaintiff asserted that he did not learn of the dismissal of his complaint at the time it occurred. Rather, he learned of it only after a third party contacted the court on his behalf in the latter half of January 2014. He then wrote to the clerk of the court to request a copy of the Dismissal Order and the current docket, which the clerk mailed to him on or about January 28, 2014. Aff. in Supp. of Mot. to Reopen Time to File ¶¶ 7-9, ECF No. 8, Ex. A. Plaintiff argued that his non-receipt of the Dismissal Order entitled him to reopen the time to file an appeal under FRAP 4(a)(6). The court inadvertently did not rule on the Motion to Reopen.

On June 5, 2014, the Court of Appeals issued an Order, in which it recognized that this court had not ruled on the Motion to Reopen. ECF No. 16. The Court of Appeals held Plaintiff's appeal in abeyance until this court ruled on the motion. *Id.*

On July 18, 2014, this court denied the Motion to Reopen, concluding that it was filed too late under FRAP 4(a)(6). ECF No. 18. Specifically, the court held that, because Plaintiff did not identify the actual date on which he received notice of the entry, he had not provided a "basis on which the Court could conclude that the filing of his Notice of Appeal on March 21, 2014 occurred within 14 days of his receipt of notice." *Id.* at 3. The court did not apply FRAP 4(a)(6)(B)'s alternative 180-day period, because Plaintiff had acknowledged receipt of the Dismissal Order. *Id. See* FRAP 4(a)(6)(B) (providing a 180-day period to move to reopen after entry of order or judgment, or 14 days after receipt of notice of entry, "whichever is earlier").

This matter now comes before the court on Plaintiff's motion to reconsider the July 18, 2014 Order. Pl.'s Mot. for Recons., ECF No. 20.[1] Plaintiff contends that the court erred as a matter of law in applying the 14-day period, instead of the 180-day period under FRAP 4(a)(6)(B),

---

[1] The court apologizes to Plaintiff and the Court of Appeals for the delay in ruling on Plaintiff's motion.

to evaluate the timeliness of his motion to reopen. He contends that, had the court properly applied the 180-day period, which would have expired on or about June 16, 2014, his motion would have been timely.

## II.   DISCUSSION

FRAP 4(a)(6)(B) provides that a motion to reopen is timely if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier."[2] Rule 77(d) in turn states: "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket." Fed. R. Civ. P. 77(d)(1). As applicable here, under Rule 5(b), "[a] paper is served . . . by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff contends that the court erred in interpreting these rules. He argues that, to trigger the 14-day period under FRAP 4(a)(6)(B), the court must look to Rule 77(d) to determine whether he ever "receive[d] notice . . . of the entry." Because Rule 77(d) directs the clerk of the court both to "serve notice of the entry" and to "record the service on the docket," Plaintiff argues that "the documents [have] to [be] served in accordance with Rule 5(b) and be recorded on the docket" to constitute the "notice" that triggers the 14-day period under FRAP 4(a)(6)(B). ECF No. 20 at 2. Here, because the docket does not contain a record of the clerk serving Plaintiff with notice of entry of the Dismissal Order, Plaintiff argues that he did not receive the "notice" required under FRAP 4(a)(6)(B) to trigger the 14-day period. *Id.* Therefore, the longer 180-day period should have applied.

---

[2] FRAP 4(a)(6)(B) also contains two other conditions a movant must satisfy. This court found that these other conditions were met.

Though the court admires Plaintiff's persistence in trying to resurrect his appeal of the Dismissal Order, the court cannot agree with his reading of the relevant rules. Starting with the text of FRAP 4(a)(6)(B), the rule states that the 14-day period is triggered if "the motion is filed . . . within 14 days after the moving party *receives notice* under Federal Rule of Civil Procedure 77(d)." (Emphasis added.) The natural reading of that rule makes the operative event not an action by the clerk of the court—such as service or recording of service—but *receipt* of the notice by the movant. Dupree's proposed formulation, which would demand both receipt of notice *and* recording of service to constitute "notice," would require the court to disregard the plain meaning of the rule, which it cannot do. *See Nat'l Black Media Coalition v. FCC*, 760 F.2d 1297, 1299 (D.C. Cir. 1985).

Moreover, the court rejects Plaintiff's reading of FRAP 4(a)(6)(B) because, if accepted, it would render inoperative another portion of Rule 77(d). *See Corley v. United States*, 556 U.S. 303, 315 (2009) (stating that "[a] statute should be construed [to give effect] to all its provisions, so that no part will be inoperative or superfluous, void or insignificant") (alteration in original) (citation omitted) (internal quotation marks omitted). Rule 77(d) also provides that "[a] party . . . may serve notice of the entry as provided in Rule 5(b)." Fed. R. Civ. P. 77(d)(1). When this provision is read together with FRAP 4(a)(6)(B), it means that a movant's "[receipt of] notice under [FRCP 77(d)] of the entry" can be brought about either by service from the clerk of the court *or* a party. Thus, FRAP 4(a)(6)(B) contemplates a scenario in which the clerk of the court mistakenly does not provide notice of the entry to a losing party, but the prevailing party gives such notice instead, triggering the movant's time to file a motion to re-open. As the advisory committee's notes state:

> In addition, Civil Rule 77(d) permits parties to serve notice of the entry of a judgment or order. The winning party can prevent Rule 4(a)(6) from even coming

into play simply by serving notice of entry within 21 days. Failing that, the winning party can always trigger the 7-day deadline[3] to move to reopen by serving belated notice.

*See* Fed. R. App. P. 4(a)(6) advisory committee's note to 2005 amendment. In that situation, recording of the clerk's service plainly would not be required to start the 14-day period under FRAP 4(a)(6)(B). If, however, the court were to accept Plaintiff's reading of the rules to require the clerk's recording on the docket as a prerequisite to notice, a party's service could *never* trigger the 14-day clock. The court cannot accept a reading of Rule 4(a)(6)(B) that would negate the efficacy of a party's service under Rule 77(d)(1).

Finally, Plaintiff's reading of the term "notice" under FRAP 4(a)(6)(B) finds no support in the advisory committee's interpretative guidance. FRAP 4(a)(6) was substantially amended in 2005 to clarify the kind of "notice" required to trigger the then-seven day period to reopen the time to file an appeal. The advisory committee's extensive commentary makes clear that using Rule 77(d)'s notice provision as the trigger for appeal was intended to resolve differing circuit decisions about what constituted "notice," Fed. R. App. P. 4(a)(6) advisory committee's note to 2005 amendment ("The circuits have been split over what type of 'notice' is sufficient to trigger the 7-day period."), and to simplify application of the rule, *id.* ("Above all else, subdivision (B) should be clear and easy to apply."). Nowhere does the advisory committee's extensive commentary suggest that the clerk's recording of service on the docket is an element of "notice," as Plaintiff contends. To the contrary, the notes state that, "because Civil Rule 77(d) notice must be formally served under Civil Rule 5(b), establishing whether and when such notice was provided should generally not be difficult." *Id.* The comments do not provide, as Plaintiff argues, that service must be accomplished under Rule 5(b) *and* the clerk must record service in order to trigger the 14-day

---

[3] The original rule provided a seven-day period and was amended to 14 days in 2009.

period. The court will not read into the rule a requirement that finds no support in the advisory committee notes.

Having resolved the question how to interpret the term "notice" under FRAP 4(a)(6)(B), it is clear that the court's decision to deny Plaintiff's Motion to Reopen was correct. The clerk of the court entered the Dismissal Order on December 16, 2013. Plaintiff said that he initially did not receive notice of this entry, a representation the court accepted as true. Then, according to Plaintiff, "[o]n or about Jan. 22, 2014 or so, [he] contacted the court to request [a copy of the memorandum] and a current docket sheet," and the clerk of the court "sent the requested documents to [him] via U.S. Postal Service" on January 28, 2014. Notice of Appeal [and] Mot. to Reopen Appeal Filing Period Pursuant to FRAP 4(a)(6), Ex. A (Aff. in Supp. of Mot. to Reopen Time to File) ¶¶ 8-9, ECF No. 8. This mailing conformed with Rule 5(b)(2)(C), which allows service by "mailing . . . to the person's last known address—in which event service is complete upon mailing."

When exactly Plaintiff received the documents mailed by the clerk of the court is unknown.[4] Plaintiff merely stated that, "[u]pon receipt and examination" of the documents, he "realized he did not receive any notice, as required by court rules, of judgment entry of dismissal." Notice of Appeal [and] Mot. to Reopen Appeal Filing Period Pursuant to FRAP 4(a)(6), Ex. A (Aff. in Supp. of Mot. to Reopen Time to File) ¶ 10, ECF No. 8. He did not state *when* he actually received the clerk's mailing. The court thus cannot say with certainty that Plaintiff filed his motion to reopen within 14 days of receipt of the notice mailed to him by the clerk of the court. *See Portley-El v. Milyard*, 365 F. App'x 912, 917 (10th Cir. 2010) (concluding that litigant "failed to carry his burden of proving that he satisfied the requirements of Rule 4(a)(6)(B)" because he

---

[4] The court assumes, for present purposes, that the 14-day period began to run on the day Plaintiff received actual notice, as opposed to the date on which the clerk mailed the order and the docket sheet.

"provided no indication of *when* he received such notice or that he filed the request within the prescribed period of time"); *Haynes v. City and Cnty. of Denver, Colo.*, No. 05–cv–01620, 2006 WL 3826709, at *2 (D. Colo. Dec. 26, 2006) (holding that the court could not determine whether the plaintiff's motion to reopen was timely because he did not indicate the date on which he received notice of judgment).

Furthermore, absent an inordinate delay in Plaintiff's receipt of the clerk's correspondence, he could not have satisfied the 14-day rule. Plaintiff signed his motion to reopen on March 17, 2014, which the court assumes is the date on which Plaintiff delivered his motion for mailing to prison authorities and thus the date of filing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that *pro se* prisoner's motion was "filed" upon delivery to prison officials for mailing). That means, for his motion to have been timely, Plaintiff must have received copies of the Dismissal Order and docket from the clerk no earlier than March 3, 2014. Such a late delivery date, however, seems unlikely, given Plaintiff's acknowledgement that the clerk's mailing occurred 34 days earlier on January 28, 2014.[5]

In any event, Plaintiff bore the burden to show when he received the clerk of the court's mailing. He failed to carry it. His motion therefore must be denied. *See Bertanelli v. Ryan*, No. CV–11–1340, 2012 WL 882576, at *2 (D. Ariz. Feb. 13, 2012) (finding that prisoner plaintiff did "not satisfy subsection (B)" because "his February 1, 2012 motion to file a late appeal was not filed within 14 days after he received notice on November 14, 2011 of order he seeks to appeal"); *Wilson v. Poulos*, No. 08–CV–1412, 2010 WL 3033805, at *2 (S.D. Cal. Aug. 3, 2010) (finding

---

[5] Other filings by Plaintiff in this case demonstrate that he has received mail from the clerk of the court in far less than 34 days. Plaintiff responded to the court's Order of March 7, 2014, ECF No. 7, with a filing signed on March 17, 2014, ECF No. 8. Plaintiff responded to the court's Order of May 2, 2014, ECF No. 11, with a filing signed on May 16, 2014, ECF No. 14. And Plaintiff responded to the court's Order of July 18, 2014, ECF No. 18, with a filing signed on July 22, 2014, ECF No. 20.

that litigant did not comply with Rule 4(a)(6)(B) when he failed to file motion within 14 days, even though he filed within 180 days of judgment).

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF No. 20, is denied.

Date:  July 24, 2015

Amit P. Mehta
United States District Judge